# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CALEB A. ROOT, Defendant. | No. CR23-4041-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (Doc. 99) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney, in which she recommends that I deny defendant Caleb Root's pro se motion (Doc. 84) to suppress evidence. Neither party filed appropriate objections and the time for doing so has expired.

## II. BACKGROUND

On June 14, 2023, the grand jury returned an indictment (Doc. 2) charging Root with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to distribute a controlled substance – marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 851; one count of possession with intent to distribute a controlled substance – methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 851 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Root filed his pro se motion (Doc. 84) to suppress on July 19, 2024, and the Government filed its resistance (Doc. 94) on July 26, 2024. Judge Mahoney did not hold an evidentiary hearing as she had previously held one on March 15, 2024, in connection with a prior motion to suppress and had gathered all facts necessary to decide the instant motion.

Judge Mahoney issued her R&R (Doc. 99) on August 1, 2024. Trial is scheduled to begin October 21, 2024.

## III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

2

further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Because neither party has objected to Judge Mahoney's R&R (Doc. 99), I have reviewed it for clear error. I find that Judge Mahoney applied the correct legal standards in concluding that (1) Officer Brian Smith had probable cause for the initial traffic stop, (2) law enforcement developed further probable cause for other violations during the course of the stop such that it was not unreasonably prolonged, (3) Root was not in custody for purposes of *Miranda* when Lieutenant Wagner arrived, (4) Wagner's actions of shining a flashlight through Root's vehicle's window did not amount to a search for purposes of the Fourth Amendment and (5) officers had probable cause to conduct an investigatory search of Root's vehicle. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation and agree with her analysis.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 99) without modification.

3. Pursuant to Judge Mahoney's recommendation, Root's motion (Doc. 84) to suppress is **denied**.

**IT IS SO ORDERED** this 19th day of August, 2024.

_____
Leonard T. Strand
United States District Judge