IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-CR-4041-LTS-KEM |
| Plaintiff, | |
| vs. | REPORT & RECOMMENDATION |
| CALEB A. ROOT, | |
| Defendant. | |

_____

Defendant Caleb A. Root, proceeding pro se, filed three motions to dismiss. Docs. 95, 100, 104. The Government filed a resistance to the first two motions; the time for responding to the third has not yet run. Docs. 102-03. I recommend **denying** the motions.

The indictment in this case charges Root with (among other things) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Doc. 3. The indictment alleges on May 23, 2023, Root "did knowingly: possess a firearm, that is a Rock Island Armory 12-gauge shotgun, in furtherance of a drug trafficking crime . . . , that is possession with intent to distribute marijuana . . . and possession with intent to distribute methamphetamine." *Id*. In his first motion to dismiss (Doc. 95), Root cursorily suggests that this count is multiplicitous with his charge for being a felon in possession. Courts have rejected this argument.[1] Root primarily argues that there was insufficient evidence before the grand jury to support the 924(c)(1) charge. He largely relies on cases analyzing "using" or "carrying" a firearm, from prior to

---

[1] *United States v. Holder*, No. 12-CR-0104-CVE, 2012 WL 2922447, at *2 (N.D. Okla. July 18, 2012) (citing *United States v. Barber,* 303 F. App'x 652, 655-56 (10th Cir. 2008)).

§ 924(c)'s amendment in 1998 to criminalize possession in furtherance of a drug crime.[2] He also cites cases analyzing the sufficiency of the evidence after a jury trial, but not the sufficiency of the evidence before the grand jury. As the court has previously explained to a pro se defendant:

> It is not the court's place to supervise Grand Jury proceedings, apart from reviewing alleged violations of statutory rules Congress has applied to Grand Juries. Instead, "the grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." Thus, "an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."[3]

Root may argue to the jury about the Government's lack of proof that he possessed the firearm in furtherance of a drug trafficking crime, but his arguments are not a basis to dismiss the indictment. I recommend **denying** Root's first pending motion to dismiss (Doc. 95).

Root's second motion to dismiss seeks dismissal of the indictment's charged sentencing enhancement under 21 U.S.C. § 851 for the possession-with-intent-to-distribute counts. Doc. 100. Root primary relies on *United States v. Young* to argue that prosecutors arbitrarily invoke their discretion to seek enhancements under § 851.[4] But that case recognized that courts "are powerless to do anything but complain."[5] Root argues that including § 851 in the indictment here violates then-Attorney General Eric Holder's 2013 memorandum setting forth six factors for a prosecutor to consider before

---

[2] *See United States v. O'Brien*, 560 U.S. 218, 232-33 (2010) (discussing statute's history).

[3] *United States v. Eagleelk*, No. CR20-4049-LTS, 2023 WL 22601, at *3 (N.D. Iowa Jan. 3, 2023) (cleaned up) (quoting **Kaley v. United States**, 571 U.S. 320, 328-29 (2014); **Costello v. United States**, 350 U.S. 359, 363 (1956)) (citing **United States v. Williams**, 504 U.S. 36, 47 (1992)) (adopting report and recommendation).

[4] 960 F. Supp. 2d 881, 903 (N.D. Iowa 2013).

[5] *Id.*

including an § 851 sentencing enhancement in an indictment. But "policy statements like the Holder Memorandum 'are not legally binding on prosecutors or the courts.'"[6] Root's arguments do not support dismissal of the § 851 enhancement alleged in the indictment. I recommend **denying** Root's second motion to dismiss (Doc. 100).

In his third motion to dismiss, Root once again takes issue with the traffic stop forming the basis of his charges. Doc. 104. Root argues that law enforcement did not have probable cause for the initial stop, comparing the officer's grand jury testimony that he saw Root cut through a parking lot with his suppression-hearing testimony on cross-examination admitting there were blind spots in what he could see. I do not find the testimony inconsistent, and I have already upheld the validity of the stop (*see* Doc. 99). Root suggests that law enforcement's conduct during the traffic stop shows that police were out to get him, and he suggests that the Government is simply continuing that course of conduct with a selective and vindictive prosecution. Root's third motion to dismiss is baseless, and I recommend **denying** it (Doc. 104).

I recommend **denying** Root's motions to dismiss (Docs. 95, 100, 104).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[7] Objections must specify the parts of the Report and Recommendation

---

[6] ***United States v. Ramos***, No. CR 08-274-2, 2024 WL 1659884, at *4 (E.D. Pa. Apr. 17, 2024) (quoting ***Bell v. United States***, No. CV 17-150, 2018 WL 11241066, at *3 (D.N.D. May 1, 2018)); *see also **United States v. Lampkin***, No. 3:15-cr-00005-SLG, 2017 WL 11528105, at *2 (D. Alaska Sept. 5, 2017).

[7] **LCrR 59**.

to which objections are made, as well as the parts of the record forming the basis for the objections.[8] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[9]

**DATED** August 19, 2024.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[8] *See* **Fed. R. Crim. P. 59**.

[9] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).