IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR23-4041-LTS-KEM |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |
| CALEB A. ROOT, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (Doc. 106) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney in which she recommends that I deny defendant Caleb Root's pro se motions (Docs. 95, 100, 104) to dismiss. Root, appearing pro se, has timely filed objections (Doc. 111).

## II. BACKGROUND

Root is charged with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 1); one count of possession with intent to distribute a controlled substance – marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 851 (Count 2); one count of possession with intent to distribute a controlled substance – methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 851 (Count 3) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 4). In his first motion (Doc. 95) to dismiss, Root argues Count 4 is duplicative of Count 1 and that there was insufficient evidence before the grand jury to support a § 924(c)(1) charge. In his second motion (Doc. 100), Root seeks dismissal of the § 851 enhancement, citing *United States v. Young*, 960 F. Supp. 2d 881, 903 (N.D. Iowa 2013), to argue prosecutors arbitrarily

invoke their discretion to seek § 851 enhancements and ignore then-Attorney General Eric Holder's 2013 memorandum setting forth six factors a prosecutor should consider before including a § 851 enhancement in the indictment. In his third motion (Doc. 104) to dismiss, Root argues there was not probable cause for the traffic stop and that the officer's grand jury testimony was inconsistent with his testimony at the suppression hearing. Judge Mahoney issued her R&R (Doc. 106) on August 19, 2024, and recommends denying each of the motions. Trial is scheduled to begin October 21, 2024.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

In his objections, Root focuses on his motion to strike the § 851 enhancement, arguing that his prior federal conviction in Wyoming under 21 U.S.C. § 841(a)(1) and (b)(1)(c) is not a serious drug felony or a drug trafficking offense. He argues that the offense was not subject to a five-year mandatory minimum term of imprisonment and his guideline range was from 0 to 20 years imprisonment. Root notes that he was sentenced to 54 months' imprisonment on that offense and was not convicted under 21 U.S.C. § 841(b)(1)(B). He asks that the § 851 enhancement be struck. Because Root objects to the R&R based solely on the § 851 enhancement, I will review that issue de novo and will review the remaining issues for clear error.

### A. *Section 851 Enhancement*

Judge Mahoney did not address this issue in her R&R, as Root primarily focused on policy reasons as to why the § 851 enhancement should be struck. He did, however, argue that his prior conviction was a "petty drug user offense." Doc. 100 at 2.

Under § 851, courts may not impose a sentencing enhancement "by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851. Counts 2 and 3 of the indictment seek a § 851 enhancement based on Root's prior conviction of felony

3

possession with intent to distribute methamphetamine in the United States District Court for the District of Wyoming, Case No. 17-CR-214-1F, on or about July 31, 2017. Doc. 3. The indictment also charges Root with a violation of § 841(b)(1)(D) for Count 2 and a violation of § 841(b)(1)(B)(viii) for Count 3. Under § 841(b)(1)(D), if "any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years . . . ." Section 841(b)(1)(B)(viii) provides if "any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . ." Section 802 defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "Serious drug felony" means "an offense described in section 924(e)(2) of Title 18 for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." *Id.* at § 802(57). Under § 924(e)(2) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) constitutes a "serious drug offense."

Root admits in his objection that the Wyoming conviction was under 21 U.S.C. § 841(a)(1) and (b)(1)(c) and that he received a sentence of 54 months' imprisonment. Therefore, it falls within the definition of a "felony drug offense" under § 841(b)(1)(D) because the offense is punishable by imprisonment for more than one year and a "serious drug felony" under § 841(b)(1)(B)(viii) because it is an offense under the Controlled Substances Act for which Root served a term of imprisonment of more than 12 months and his release was within 15 years of the commencement of the instant offense. Root's objections regarding the § 851 enhancement based on his prior Wyoming conviction are overruled.

*B.     Remaining Issues*

I have reviewed the remaining portions of the R&R addressing Root's other two motions for clear error. With regard to Root's first motion (Doc. 95), I find Judge Mahoney applied the correct legal standards in concluding that Counts 1 and 4 are not duplicitous and that his arguments concerning sufficiency of the evidence before the grand jury to support Count 4 may be argued before a jury but are not a basis for dismissal. With regard to Root's third motion (Doc. 104) to dismiss, I agree with Judge Mahoney's conclusion that the traffic stop was valid and his arguments concerning vindictive prosecution are baseless. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation and agree with her analysis.

### V.     CONCLUSION

For the reasons set forth herein:

1. Root's objections to the R&R are **overruled**.
2. I **accept** the Report and Recommendation (Doc. 106) without modification.
3. Pursuant to Judge Mahoney's recommendation, Root's motions (Docs. 95, 100, 104) to dismiss are **denied**.

**IT IS SO ORDERED** this 3rd day of September, 2024.

_____
Leonard T. Strand
United States District Judge